LAUPPE v. SILVERSTEIN.

JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS.

In suit to recover amount due on land contract, affidavit of merits in which defendant vendee, who had assigned his interest, stated that pursuant to agreement between himself and plaintiff former ''was released from any and all further liability'' under the contract *held*, sufficient under Court Rule No. 30, §§ 3, 4 (1933), and not open to objection it states conclusions.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 10, 1934. (Docket No. 83, Calendar No. 37,123.) Decided April 8, 1935.

Assumpsit by Alfred A. Lauppe against Hyman Silverstein for sums due on land contract. Summary judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Irwin I. Cohn*, for plaintiff.

*Charles I. Schlissel*, for defendant.

POTTER, J. Plaintiff, vendor in a land contract, offering to tender a deed of the premises to the vendee, brought suit to recover the amount due thereon.

Defendant filed an answer disclaiming liability upon the ground his vendee's interest in the land contract had been assigned to Celia Bank and she had been substituted in his place as vendee, he relieved from liability under circumstances under which she alone became liable.

Plaintiff moved for summary judgment, which motion was granted by the trial court, judgment rendered, and defendant appeals.

A proper affidavit for summary judgment was filed by plaintiff. Defendant's affidavit of merits says in substance the contract was assigned with plaintiff's consent; that "an agreement was entered into between this deponent and the plaintiff herein, whereby the defendant was released from any and all further liability, under the within mentioned land contract."

My brethren think this affidavit sufficient under Court Rule No. 30, §§ 3, 4 (1933), and not open to the objection that it states conclusions.

Judgment reversed, with costs, and cause remanded.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.